

601 LEXINGTON AVENUE  212 980 7400 TEL
SUITE 3400  212 980 7499 FAX
NEW YORK NY 10022  ROBINSKAPLAN.COM

PAUL V. LICALSI
212 980 7417 TEL
PLICALSI@ROBINSKAPLAN.COM

November 23, 2016                                              *Via ECF*

The Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl Street, Room 250
New York, New York 10017

> Re:  *James Saint-Amour, et al. v. The Richmond Organization, Inc., et al.*
>      <u>Case No.: 16-cv-4464 (DAB)</u>

Dear Judge Batts:

    This firm represents Defendants in the above-referenced action, and we are making this brief reply to the November 22, 2016, letter from Mark C. Rifkin, Esq., counsel for the Plaintiffs, regarding Judge Denise L. Cote's Opinion and Order in *We Shall Overcome Foundation v. The Richmond Organization, Inc., et al.*, No. 16-cv-02725-DLC (S.D.N.Y. March 21, 2006) ("WSOF").

    First, regarding preemption, in *Briarpatch, Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2nd Cir. June 25, 2004), to the extent the plaintiff in that case presented a claim comparable to "the wrongful assertion of copyright and copyright fraud" alleged in this Action, the Second Circuit found the cause of action preempted. *Id.* at 307 (finding Copyright Act preempted a state declaratory judgment claim seeking declaration that defendant had no rights in a literary property it allegedly illegally acquired). *Briarpatch's* holding also preempted a state unjust enrichment claim, and only exempted a claim for breach of fiduciary duty from the scope of preemption - a claim involving the "extra element" of a special duty under the fiduciary relationship – which is absent here. *Id.* In WSOF, Judge Cote properly found preemption in exactly the same claims for "wrongful assertion of copyright and copyright fraud" that Plaintiffs assert in this Action.

    Second, with respect to standing, the WSOF motion before Judge Cote simply did not raise this same issue, nor did the opinion explicitly or implicitly address it. Indeed, one plaintiff in WSOF negotiated directly and extensively with Defendants for a license for use of the song in a major motion picture which license was grated for $15,000. By contrast, the plaintiffs here merely followed a statutorily mandated procedure for obtaining a compulsory mechanical license.

75730585.1

      In short, Plaintiffs' letter does not provide any reason for this Court to ignore Judge Cote's reasoned and persuasive analysis.

      Respectfully submitted,

      */s/ Paul V. LiCalsi*

      Paul V. LiCalsi

cc:    Plaintiff's Counsel (via ECF)