```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES SAINT-AMOUR and ALENA IVLEVA
a/k/a JERRRA BLUES, d/b/a Satorii, on behalf
of themselves and all others similarly situated,

                    Plaintiffs,                    16-cv-4464 (PKC)

     -against-
                                                   OPINION AND
                                                      ORDER

THE RICHMOND ORGANIZATION, INC. and
LUDLOW MUSIC, INC.,

                    Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

This action challenges defendants' interest under the Copyright Act in the iconic American song *This Land is Your Land* (the "Song"). The late Judge Deborah A. Batts concluded that all of plaintiffs' state law claims relating to the Song were preempted by the Copyright Act. (Mem. & Order of Mar. 27, 2019 (Doc 28).). Judge Batts otherwise denied defendants' motion to dismiss. (Id.)

Based upon events occurring after Judge Batts's March 27 decision, defendants now move to dismiss the complaint asserting that there is no longer a live case or controversy and hence that the Court lacks subject matter jurisdiction. Defendants rely principally on a broadly-worded covenant not to sue plaintiffs, the refund of a compulsory mechanical licensing fee ($45.50), and the Supreme Court's decision in Already, LLC v. Nike, Inc., 568 U.S. 85 (2013). Saint-Amour and Ivleva oppose the motion and seek to substitute an unnamed person or persons as plaintiffs.

For reasons that will be explained, the defendants' motion will be granted and the plaintiffs' motion denied.

DISCUSSION

    A. <u>Plaintiffs' Surviving Claims</u>

Plaintiffs' complaint asserts that defendants do not own valid copyrights to the Song, which, in their view, is in the public domain. (Compl. ¶ 7.) They allege that Woody Guthrie wrote a version of the lyrics in 1940 and put it to the melody of a pre-existing composition. (<u>Id.</u> ¶¶ 20-22.) They claim that Guthrie published the work in a songbook in 1945 that bore the legend "Copyright 1945 W. Guthrie" but which was never registered with the Copyright Office. (<u>Id.</u> ¶¶ 26-27.) They claim that any copyright that may have once existed expired on December 31, 1973. (<u>Id.</u> ¶¶ 28-29.) Plaintiffs also present an alternative theory in which the copyright was divested in 1951. (<u>Id.</u> ¶¶ 35, 83.) They assert that a 1956 copyright registration is invalid because Guthrie claimed to author the Song's music but, they allege, he did not. (<u>Id.</u> ¶ 36.) They make additional claims of invalidity about other applications for registration in 1970 and 1972 and a renewal in 2000. (<u>Id.</u> ¶¶ 46-55.)

Plaintiffs also seek the "return of the unlawful licensing fees collected by Defendants." (Compl. ¶ 7.) Plaintiffs allege that they complied with the requirements of the Copyright Act to obtain a compulsory license to make and distribute a musical work by "digital phonorecord" delivery. 17 U.S.C. § 115. Pursuant to the requirements of the statute, plaintiffs paid defendants $45.50 for a license to produce and distribute 500 copies of the Song (<u>id.</u> ¶ 58) and plaintiffs recorded and made it available for sale. (<u>Id.</u> ¶ 59.) The relief plaintiffs seek includes "restitution . . . of all fees paid to Defendants, directly or indirectly through their agents, to use the Song." (<u>Id.</u> ¶ 93(b).)

Plaintiffs state that they wish to distribute a recording with the same lyrics and a different melody to the Song, and that they desire to produce a music video of the Song.

However, they fear enforcement of the defendants' purported copyrights. (Id. ¶¶ 61-62.) Among other relief, plaintiffs seek a declaratory judgment that defendants have no rights to the Song enforceable under the Copyright Act.

      B.  <u>Defendants' Grant of a Covenant Not to Sue and Refund</u>

Since Judge Batts's March 27 Memorandum & Order, defendants, joined by Woody Guthrie Publications, Inc. ("WGP"), delivered to plaintiffs a covenant not to sue dated April 23, 2019. (Doc 39, Ex. A.) The covenant recites that they did so "in the interest of avoiding protracted and expensive motion practice and a trial . . . ." (Id.)

Defendants and WGP have "unconditionally and irrevocably covenant[ed] to refrain from making any claim or demand, or from commencing, causing, or permitting to be prosecuted any action in law or equity . . .against . . .[the plaintiffs] for infringement of any statutory or common law copyright in the Song. . . ." (Id.) The covenant is written in sweeping terms and is granted by defendants and WGP "on behalf of (i) themselves, (ii) any related or affiliated entity, licensee, or assign, and any person or entity claiming to be in privity of contract with Owners, and (iii) any predecessor, successor, director, officer, employee, agent, distributor, attorney, or representative of any of them. . . . ." (Id.) It extends to plaintiffs and "[a]ny predecessor, successor, director, officer, employee, agent, distributor, attorney, partner, member, shareholder or representative of Plaintiffs, and any agent, vendee, licensee, assign, independent contract manufacturer, or person or entity claiming to be in privity of contract with Plaintiffs, or an assign of any of them." (Id.) The covenant covers any of the plaintiffs' "past, current, or future conduct in connection with the use, incorporation, distribution and performance of any audio recording or audiovisual work of which any of the Plaintiffs is an author or co-author, and related soundtracks to such audiovisual works." (Id.)

The covenant not to sue was executed by representatives of the defendants and Nora Guthrie on behalf of WPG, who together with defendants assert 100% ownership of the Song.  (Doc 39, Ex. A.)  In addition to the license, defendants have tendered a check to plaintiffs for the full amount of the "compulsory mechanical license fee," i.e., $45.50.  (Doc 39, Ex. B.)

Defendants assert that there is no longer a live case or controversy and that the Court lacks subject matter jurisdiction in view of the covenant not to sue and payment to plaintiffs.

C.  Application of Mootness Doctrine to Plaintiffs' Copyright Claims

In Already, the Supreme Court answered the question "whether a covenant not to enforce a trademark against a competitor's existing products and any future 'colorable imitations' moots the competitor's action to have the trademark declared invalid" in the affirmative.  568 U.S. at 88.  Judge Sullivan, then of this Court, had found that a covenant not to sue issued four months after the defendant had counterclaimed for a declaration of invalidity rendered the claim moot and dismissed the action.  Nike, Inc. v. Already, LLC, No. 09 Civ. 6366 (RJS), 2011 WL 310321, at *1-2 (S.D.N.Y. Jan. 20, 2011).  The Second Circuit affirmed.  Nike, Inc. v. Already, LLC, 663 F.3d 89 (2d Cir. 2011).  The Supreme Court, concluding that Nike had met its burden "to show that it 'could not reasonably be expected' to resume its enforcement efforts against [the counterclaimant]," affirmed the dismissal of the case as moot.  Already, 568 U.S. at 92 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)); id. at 92-95, 102.[1]

---

[1] While Already was a trademark case, the Court has examined the covenant not to sue in that case.  The covenant in Already was similar in scope to the covenant in this case, except that the Already covenant reached state law claims and the covenant in this case does not.  Nike, Inc., 2011 WL 310321, at *1-*2.  Here, the state law claims were previously dismissed as preempted.

After Judge Sullivan's and the Circuit's rulings in Already but before the Supreme Court's affirmance, Judge Alison Nathan found that a broadly-worded covenant, executed two months after the institution of an action, extinguished any live case or controversy for copyright infringement.  Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc., 890 F. Supp. 2d 398, 404 (S.D.N.Y. 2012).  Judge Nathan noted that the mere existence of a claim to a copyrighted design did not render the plaintiff's claim of invalidity to be a live controversy.  Id. at 405-406.

Having reviewed the covenant not to sue, the Court concludes that it is extremely broad, covers past, present and future conduct by plaintiffs, their predecessors, successors, assigns and a host of others.  Defendants have met their burden of showing that they could not reasonably be expected to resume their efforts to enforce against plaintiffs any right they may have under the copyright laws relating to the Song.

In opposition to the motion, plaintiffs assert that the covenant not to sue does not extinguish its state law claims.  In that respect they are correct, except that the state law claims were dismissed with prejudice in Judge Batts's March 27 Memorandum & Order as preempted by the Copyright Act.  (Doc 28 at 21-24.)  Upon entry of final judgment, plaintiffs' right to appeal the state law claims will be fully preserved.

Plaintiffs also argue that the covenant does not extinguish any claim they may have for attorneys' fees under the Copyright Act.  17 U.S.C. § 505  ("[T]he Court  may also award a reasonable attorney's fee to the prevailing party as part of the costs.")  But an award of costs to a prevailing party is not part of the underlying claim; it is additional relief available to one who prevails on that claim.  See Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990) ("This interest in attorney's fees is, of course, insufficient to create an Article III case or

controversy where none exists on the merits of the underlying claim. . . . ."). The possibility that plaintiffs may have a right to claim attorneys' fees does not save plaintiffs' underlying copyright claims from dismissal.

At this juncture, the Court does not need to decide whether plaintiffs are, indeed, prevailing parties under section 505 and otherwise entitled to attorneys' fees. Rule 54(d)(2), Fed. R. Civ. P., permits a claim for attorneys' fees to be made by motion filed no later than 14 days after the entry of judgment.

Plaintiffs also urge that because this action was pled as a class action, a different result should obtain because the defendants are unfairly trying to pick off class representatives. The invocation of Rule 23, Fed. R. Civ. P., adds nothing to plaintiffs' argument. This Court lacks subject matter jurisdiction over the case. Rule 23 is a procedural mechanism that is limited in its reach by the Rules Enabling Act, 28 U.S.C. § 2072 and Rule 82, Fed. R. Civ. P. ("These rules do not extend. . . the jurisdiction of the district courts".) The invocation of Rule 23 in the text of a complaint cannot insulate the putative class representatives from a claim that the controversy has become moot. Cf. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right'. . . .").

D.  Substitution of Unknown Person or Persons as Plaintiffs

This Court lacks subject matter jurisdiction, including for the purpose of substituting party-plaintiffs. It has no power to add a new and different plaintiff to cure the mootness of the existing action.[2] See Lunney v. U.S., 319 F.3d 550, 560 (2d Cir. 2003)

---

[2] Even if the jurisdictional obstacle were not present, this would not be a proper case to permit a substitution. The motion to substitute was filed on May 10, 2019, over 9 months ago. (Doc 32.) No proposed class representative

(declining to remand to permit substitution of a possible new plaintiff where there was no subject matter jurisdiction); <u>Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG</u>, 409 F. Supp. 3d 261, 272 (S.D.N.Y. 2019) (declining to permit the substitution of a new class representative where none of the pre-existing plaintiffs had constitutional standing: "[T]he invocation of the procedural mechanisms of amendments and substitutions may not generate jurisdiction from nothing."), <u>appeal docketed</u>, No. 19-3367 (2d Cir. Oct. 16, 2019).

CONCLUSION

In the absence of a live case or controversy, the motion (Doc 37) to dismiss is GRANTED and plaintiffs' claims under the Copyright Act are dismissed without prejudice. The motion (Doc 32) to substitute a party is DENIED. The Clerk shall enter final judgment for the defendants and terminate the motions.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 28, 2020

---

was named in the motion and none has emerged. The allegations of this complaint are quite specific as to the past and future intentions of the two plaintiffs and their band. (Compl. ¶¶ 56, 58-59, 61-62.). Any "substitute" plaintiff would be asserting new facts unique to himself or herself. Rule 15, Fed. R. Civ. P., encourages the grant of leave to amend "when justice so requires." The interest of justice would not support adding a new claim by a new plaintiff of unknown dimensions.